**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GRANDVIEW POULTRY, LLP,<br><br>Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC., TYSON CHICKEN, INC., MARK AVERY, and CAL-MAINE FOODS, INC.,<br><br>Defendants. | Case No.:   1:24-cv-133<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Tyson Foods, Inc., Tyson Chicken, Inc. (together, "Tyson"), Mark Avery, a natural person ("Mr. Avery"), and Cal-Maine Foods, Inc. ("Cal-Maine") (collectively, "Defendants"), hereby remove to this Court the action captioned *Grandview Poultry, LLP v. Tyson Foods, Inc., et al.*, No. 24SD-CC00059 (Mo. Cir. Ct. Stoddard Cnty. June 5, 2024) (the "State Court Action"). As set forth below, the United States District Court for the Eastern District of Missouri has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Defendants have satisfied the procedural requirements for removal:  (1) the proposed class has at least 100 putative class members; (2) the proposed class asserts an aggregate amount in controversy of $5,000,000 or more, exclusive of interest and costs; and (3) minimal diversity exists. The Petition was served on Tyson on June 6, 2024 and on the other Defendants on June 7, 2024. As a result, this Notice is timely filed within 30 days of service. 28 U.S.C. § 1446(b).

Defendants have not yet responded to the allegations in the Petition but deny that they have liability for the claims raised by Grandview Poultry, LLP ("Plaintiff") in the State Court Action, and submit this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor in either state or federal court.

## FACTUAL BACKGROUND

The Petition alleges that Tyson Foods, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Springdale, Arkansas. Pet. ¶ 37; *see also* Declaration of John M. Tanski, Vice President and Associate General Counsel, Tyson Foods, Inc. (July 5, 2024) ("Tanski Decl.") ¶ 2. It further alleges that Tyson Chicken, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Springdale, Arkansas. Pet. ¶ 38; *see also* Tanski Decl. ¶ 3. Mr. Avery is alleged to be a natural person employed by Tyson who resides in Stoddard County, Missouri. Pet. ¶ 39. Cal-Maine is alleged to be a corporation organized under the laws of the State of Delaware, with its principal place of business in Ridgeland, Mississippi. Pet. ¶ 42.

On June 5, 2024, Plaintiff commenced the State Court Action in the Thirty-Fifth Judicial Circuit, Circuit Court of Stoddard County, Missouri. Plaintiff served Tyson on June 6, 2024, and Mr. Avery and Cal-Maine on June 7, 2024. A copy of the redacted, public Petition, together with all process and pleadings served upon Defendants in the State Court Action (including the State Court Action docket sheet pursuant to Local Rule 2.02), are attached as Exhibit A to the Declaration of Kail J. Jethmalani, Counsel for Tyson Foods, Inc., Tyson Chicken, Inc., and Mark Avery (July 5, 2024). The sealed Petition will be filed promptly with this Court with an accompanying motion to seal. No Defendant has responded to the Petition in the State Court

2

Action. These documents constitute all "process, pleadings, and orders" served upon the Defendants in the State Court Action as required by 28 U.S.C. § 1446(a).

The State Court Action is an antitrust action stemming from Tyson's sale of its facility in Dexter, Missouri (the "Dexter Complex") to Cal-Maine. Plaintiff alleges that it suffered damages in the form of lost future earnings as a result of an ancillary covenant (the "Property Use Agreement"), executed concurrently with the Dexter Complex sale, which Plaintiff alleges violates Missouri's antitrust and tort laws by reducing competition for chicken farming services in a claimed Dexter, Missouri geographic market.

In its Petition, Plaintiff asserts three counts:

(1) Count 1: Alleged violation of Missouri's antitrust statutes, asserted against Tyson and Cal-Maine;

(2) Count 2: Declaratory and Injunctive Relief under the Missouri Antitrust Law, asserted against Tyson and Cal-Maine; and

(3) Count 3: Tortious Interference with Business Expectancy, asserted against Tyson, Cal-Maine, and Mr. Avery.

## GROUNDS FOR REMOVAL

This action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

### I.   THE STATE COURT ACTION IS A CLASS ACTION

This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). The Petition is captioned as "Petition – Class Action," and the Plaintiff purports to bring a class action on behalf of "All Missouri and

3

Arkansas chicken farmers who contracted with Tyson to provide breeder, pullet, and/or broiler farming services to the Tyson Companies' operation of the Dexter Complex during any point in the four-year period before [the] Petition was filed." Pet. ¶ 84.  Missouri Supreme Court Rule 52.08 authorizes an action to be brought by one or more representative parties as a class action. Pet. ¶ 85.  The State Court Action is therefore a "class action" as defined by CAFA.

## II. CAFA'S MINIMAL DIVERSITY REQUIREMENT IS SATISFIED

The minimal diversity standard under CAFA is met as long as *any* defendant is a citizen of a state different from *any* member of the putative class of plaintiffs.  28 U.S.C. § 1332(d)(2)(A) (emphasis added).  Plaintiff alleges that it is a limited liability partnership organized under the laws of the State of Arkansas, with its principal place of business in Maynard, Arkansas.  Pet. ¶ 36.  Under CAFA, an unincorporated association such as a limited liability partnership "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  Thus, on information and belief, Plaintiff is a citizen of Arkansas for purposes of CAFA.

Mr. Avery is an individual residing in Stoddard County, Missouri.  *Id.* ¶ 39.  Mr. Avery is therefore a citizen of Missouri.  Cal-Maine is a corporation formed under the laws of the State of Delaware with its principal place of business in Ridgeland, Mississippi.  *Id.* ¶ 42.  Cal-Maine is therefore a citizen of Delaware and Mississippi.  Accordingly, CAFA's requirement for minimal diversity of citizenship is met.  28 U.S.C. § 1332(d)(2)(A).

## III. THE AMOUNT IN CONTROVERSY IS OVER $5 MILLION

The amount-in-controversy requirement under CAFA is met when the plaintiff seeks damages in excess of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2). The value of each individual class member's claims must be aggregated to determine the amount

in controversy. *Id.* § 1332(d)(6). Punitive damages, such as those demanded by the Plaintiff pursuant to Mo. Rev. Stat. § 416.121 (Pet. ¶ 101), must be included in the amount-in-controversy calculation. *See, e.g.*, *Hargis v. Access Capital Funding LLC*, 2009 WL 2757051, at *2 (E.D.Mo. Aug. 26, 2009) (including treble damages in amount in controversy calculation); *Lawton v. Basic Rsch., L.L.C.*, 2011 WL 1321567, at *4 (D.N.J. Apr. 4, 2011) (same). Plaintiff also seeks attorneys' fees, which are included in the amount-in-controversy. *Faltermeier v. FCA U.S. LLC*, 899 F.3d 617, 621-22 (8th Cir. 2018) (affirming district court's decision to include attorneys' fees in CAFA amount-in-controversy calculation).

The Plaintiff here has not pleaded damages with specificity, but the jurisdictional fact is established where the Defendants can demonstrate "not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012). "If the class action complaint does not allege that more than $5,000,000 is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014)).

As set forth below, Tyson has a good-faith basis to believe that Plaintiff alleges well over $5,000,000 in aggregate damages on behalf of the putative class. Plaintiff claims damages in the form of lost future earnings stemming from the Dexter Complex sale. Tyson paid the putative class members more than $5,000,000 collectively during *each year* of the four-year class period. Tanski Decl. ¶ 34; Pet. ¶ 84. Assuming the putative class seeks damages for even a single year of lost earnings, this alone implies an amount-in-controversy exceeding $5,000,000, before trebling and inclusion of an attorney fee award.

## IV.   THE PUTATIVE CLASS HAS OVER 100 MEMBERS

The numerosity requirement under CAFA is met when there are at least 100 members of the putative class. 28 U.S.C. § 1332(d)(5)(B). That requirement is met here, as shown by the one example discussed below.

"Members" of a putative class may refer to entities as well as persons. *Downing v. Riceland Foods, Inc.*, 298 F.R.D. 587, 590 (E.D. Mo. 2014). Plaintiff purports to bring claims on behalf of a proposed class of "Missouri and Arkansas chicken farmers who contracted with Tyson to provide breeder, pullet, and/or broiler farming services to the Tyson Companies' operation of the Dexter Complex during any point in the four-year period before [the] Petition was filed." Pet. ¶ 84. Tyson, having reviewed the relevant records, believes in good faith to have identified at least **105** putative class members. *See generally* Tanski Decl.

The proposed class includes both (1) entities engaged in farming and (2) persons engaged in farming, including the principals of those same entities. Plaintiff purports to be a limited liability partnership organized under the laws of the State of Arkansas. Pet. ¶ 36. Plaintiff further alleges that its claims are typical of those of the purported class, and that it is an adequate representative of the same. Pet. ¶ 88-89. The purported class of "chicken farmers" must therefore include entities such as Plaintiff.

"Chicken farmers" also comprise individual farmers, including principals of the entities engaged in farming. Shortly before filing the State Court Action, the same attorneys that represent the Plaintiff here also filed an Amended Petition in *Hinkle v. Tyson Foods, Inc.*, No. 24NM-CV00313 (Mo. Cir. Ct. New Madrid Cnty. June 3, 2024) ("*Hinkle* Am. Pet."). The *Hinkle* plaintiffs allege that they are chicken farmers that supplied the Dexter Complex and are thus putative class members here. Tanski Decl. ¶ 15. The *Hinkle* plaintiffs' claims also arise out

of the sale of the Dexter Complex, and concern the Property Use Agreement included in the sale of the Dexter Complex to Cal-Maine.  *Id.*

The *Hinkle* Amended Petition names five plaintiffs—four individuals and one entity—that refer to themselves throughout the petition as "farmers" without distinguishing between persons and entities.  *Id.* ¶ 20 (collecting examples); *see also generally Hinkle* Am. Pet.  Two of the individual *Hinkle* plaintiffs, Richard Green and Samatha Green, are the exclusive members and 100% owners of the *Hinkle* entity plaintiff, R&S Green Farms, LLC.  Tanski Decl. ¶ 19.  Crucially, Richard Green, Samantha Green, and R&S Green Farms, LLC are named as three *separate* plaintiffs to the *Hinkle* action.  In other words, in a pleading filed by the same attorneys regarding the same factual circumstances just two days before the Petition in the State Court Action, the term "farmers" is construed to include both the individual farmers and the entity farms that they own.

Upon the good-faith interpretation that the putative class of "chicken farmers" comprises individual farmers, entities engaged in farming, and the principals of those entities, Tyson undertook a review of its corporate records to ascertain the identities of all farms with addresses in Missouri and Arkansas, *see* Pet. ¶ 84 ("Missouri and Arkansas chicken farmers"), that contracted with the Dexter Complex over the preceding four years.  *See* Tanski Decl. ¶¶ 24-28.  Tyson then counted the putative class members according to the following methodology: to the extent the farm carried an *entity's* name in Tyson's records, Tyson endeavored to identify the principal(s) of that entity and counted each principal as one putative class member and the entity itself as a putative class member, consistent with the manner in which Plaintiff's counsel define "farmers" based on *Hinkle* plaintiffs Richard Green, Samantha Green, and R&S Green Farms, LLC.  *Id.* ¶ 29(a).  To the extent the farm carried a *person's* name in Tyson's records, Tyson

7

counted the individual as one putative class member. *Id.* ¶ 29(b). Tyson then removed any duplicate individual and entity names from the list. *Id.* ¶ 30.

To arrive at a conservative estimate of class size, Tyson excluded any Missouri and Arkansas farms that contracted with the Dexter Complex over the preceding four years that were associated with a payee that resided outside Missouri or Arkansas (e.g., a Virginia resident that owned a Missouri farm). Tyson's good-faith estimate would almost certainly have been even higher if Tyson had counted those excluded farmers. *Id.* ¶ 32.[1]

Having conservatively identified **105** chicken farmers that fit Plaintiff's class description, the putative class satisfies the 100-member threshold set by CAFA.

## V. NO CAFA EXCEPTIONS APPLY

Plaintiff cannot carry its burden of demonstrating that either of the exceptions under CAFA applies to this action.

### A. The Local Controversy Exception is Inapplicable

The local controversy exception is a narrow exception to CAFA that allows certain class actions to remain in state court if they primarily involve local defendants and local issues, and more than two-thirds of the putative class members are in the state where the case was originally filed. 28 U.S.C. § 1332(d)(4)(A); *see also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Plaintiff has alleged no facts to establish that greater than two-thirds of putative class members are citizens of the State of Missouri, where the action was filed. Plaintiff merely purports to represent a class of "Missouri and Arkansas chicken farmers" who contracted with Tyson to service the Dexter Complex. Pet ¶ 84.

---

[1] Although these farmers were not considered for purposes of the referenced calculation, they are properly considered Missouri or Arkansas chicken farmers under Plaintiff's class definition.

Plaintiff also cannot establish that Mr. Avery—the only Missouri citizen among Defendants—is a defendant from whom "significant relief is sought" and whose alleged conduct forms a "significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A). As to the first requirement, Plaintiff asserts only one of its three claims against Mr. Avery (which it also asserts against Tyson and Cal-Maine). *See* Pet. ¶¶ 108-22. Moreover, Plaintiff's tortious interference claim against Mr. Avery is not subject to treble damages like Plaintiff's antitrust claims against Tyson and Cal-Maine. *See id.* ¶¶ 92-101.

As to the second requirement, Plaintiff's petition is fundamentally about an alleged anticompetitive agreement between Tyson and Cal-Maine and to which Mr. Avery is not a party. *Id.* ¶ 94. Mr. Avery's alleged conduct is not an "important ground" for Plaintiff's antitrust claims. *Westerfeld*, 621 F.3d at 823 (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 157 (3d Cir. 2009)). Further, all the alleged conduct attributed to Mr. Avery was committed within the scope of his employment by Tyson, Pet. ¶¶ 39-41, which renders his conduct an insignificant basis for Plaintiff's claims. *See Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1096 (8th Cir. 2021) (a local defendant's conduct is not significant where it is directed by a non-local defendant). Mr. Avery is a textbook peripheral defendant from whom Plaintiff is *not* seeking significant relief and whose conduct does *not* form a significant basis for the claims asserted.

For these reasons, the local controversy exception does not bar removal.

    B. <u>The Home State Exception Is Also Inapplicable</u>

The home state exception allows a state court to exercise jurisdiction over a class action where two-thirds of the putative class members and the primary defendants are from the state in which the case was originally filed. 28 U.S.C. § 1332(d)(4)(B); *Green v. Skyline Highland Holdings LLC*, 2017 WL 6001498, at *2 (E.D. Ark. Dec. 4, 2017). As indicated above, Plaintiff

has not alleged that more than two-thirds of putative class members are citizens of the State of Missouri. The Petition is also abundantly clear that Mr. Avery, the sole Missouri defendant, is not the primary defendant—Tyson and Cal-Maine are. While CAFA does not define "primary defendant," courts consider which defendant has greater liability exposure, is most able to satisfy a potential judgment, is the subject of a significant portion of the claims asserted by plaintiffs, and if it is the only defendant named in a particular cause of action. *Green*, 2017 WL 6001498, at *4.

According to the allegations in the Petition, Mr. Avery did not enter into the allegedly anticompetitive agreement challenged in Counts 1 and 2 of the Petition and about which the majority of the allegations in the Petition pertain—Tyson and Cal-Maine did. Pet. ¶¶ 92-107. Mr. Avery is not exposed to Plaintiff's claim for treble damages—Tyson and Cal-Maine are. *Id.* ¶¶ 92-101. As an individual defendant, Mr. Avery is not most able to satisfy a potential judgment—corporate defendants Tyson and Cal-Maine are. The only claim Plaintiff asserts against Mr. Avery is for tortious interference, which is also asserted against Tyson and Cal-Maine.

That establishes beyond cavil that Tyson and Cal-Maine are the primary defendants in this action, and neither is a Missouri citizen. The home state exception therefore does not apply.

## CONCLUSION

Defendants respectfully request that this Action is removed to the United States District Court for the Eastern District of Missouri pursuant to CAFA.

Date: July 5, 2024

Respectfully submitted,

By: */s/ Kail J. Jethmalani*
Kail J. Jethmalani (*pro hac vice* application forthcoming)
Axinn, Veltrop & Harkrider LLP
114 West 47th Street
New York, NY 10036
Telephone: (212) 728-2231
kjethmalani@axinn.com

Daniel K. Oakes  (*pro hac vice* application forthcoming)
Axinn, Veltrop & Harkrider LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
doakes@axinn.com

*Counsel for Defendants Tyson Foods, Inc., Tyson Chicken, Inc. and Mark Avery*

Ross D. McFerron, (Bar No. #60046MO)
OSBURN, HINE & YATES, L.L.C.
3071 Lexington Avenue
Cape Girardeau, MO 637701
Telephone: (573) 651-9000
Facsimile: (573) 651-9090
rmcferron@ohylaw.com

*Counsel for Defendant Cal-Maine Foods, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. A true and correct copy of the foregoing was served via email to Plaintiff's counsel.

By: */s/ Kail J. Jethmalani*
Kail J. Jethmalani