# **EXHIBIT A**

**24SD-CC00059**

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

## IN THE CIRCUIT COURT OF STODDARD COUNTY, MISSOURI
## THIRTY-FIFTH JUDICIAL CIRCUIT

GRANDVIEW POULTRY, LLP

    Plaintiff,

v.

TYSON FOODS, INC.,
TYSON CHICKEN, INC.,
**Serve Registered Agent**:
    United Agent Group Inc.
    12747 Olive Blvd., Suite 300
    St. Louis, MO 63141

MARK AVERY,
**Serve at**:
    9144 Co. Rd. 659
    Dexter, MO 63841

CAL-MAINE FOODS, INC.,
**Serve Registered Agent**:
    CSC-Lawyers Incorporating Service
    Company
    221 Bolivar Street
    Jefferson City, MO 65101

    Defendants.

**JURY TRIAL DEMAND**

Case No. _____

## PETITION — CLASS ACTION

Plaintiff Grandview Poultry, LLP, individually and on behalf of all similarly situated

individuals or entities (approximately 45 in total, far less than 100) (collectively "**Plaintiff**" and/or

the "**Class Members**"), bring this Petition against Defendants Tyson Foods, Inc., Tyson Chicken,

Inc. (collectively, "**Tyson**" or the "**Tyson Companies**"), Mark Avery ("**Avery**"), and Cal-Maine

Foods, Inc.  ("**Cal-Maine**") (together, Tyson, Avery, and Cal-Maine are "**Defendants**") and allege

the following upon knowledge and belief and investigation of counsel:

## I.    INTRODUCTION

1.    This lawsuit is about Defendants' anticompetitive and fraudulent scheme to eliminate competition for the processing of poultry, reduce the supply of broiler chickens, and achieve artificially high profits. Defendants' scheme has devastated the community of Dexter, Missouri and the many chicken farmers in that area.

2.    For decades, Tyson operated a vertically integrated chicken production system in Dexter, Missouri (the "**Dexter Complex**").

3.    At Tyson's urging, families took on millions of dollars of debt and built chicken farms to meet Tyson's specific requirements.  Many of these families had no farming experience, no business experience, and no collateral.

4.    Most of the chicken houses built to Tyson's specifications were financed by a handful of "poultry banks."  The poultry loans were largely risk-free to the banks because they were guaranteed through various government programs.

5.    This model — forcing farmers to build Tyson's chicken houses with financing from government-backed loans — shifted financial exposure and risk from Tyson and the poultry banks and placed the risks firmly on the backs of farmers and U.S. taxpayers.

6.    The chicken houses built to Tyson's specifications and financed by poultry banks could be used for one thing and one thing only:  Raising chickens for slaughter at Tyson's plant in Dexter.

7.    It was not just chicken farmers who put everything on the line for Tyson.  Hundreds of people worked in the Dexter processing plant, and dozens of companies supplied various materials and services to the plant.

8.    The Tyson chicken processing plant was the lifeblood of the Dexter community.

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

9.    But in August 2023, Tyson abruptly announced the shuttering of the Dexter plant.

10.    Tyson's August 7, 2023 closure announcement shocked and devastated the Dexter community, though Defendant Cal-Maine apparently knew it was coming, because upper-level management officials from Cal-Maine were present at Tyson's Dexter Complex on August 7, 2023 and the following day.

11.    Tyson also shuttered several other plants around the country in recent months, including a plant in Noel, Missouri.

12.    Tyson's actions were immediately met with scrutiny from lawmakers, including United States Senator Josh Hawley and Missouri Attorney General Andrew Bailey. These elected officials raised concerns that Tyson's closing of the Dexter plant would destroy the local economy, eliminate hundreds of jobs, and wipe out families who had built chicken farms with borrowed money to meet Tyson's specifications.

13.    Senator Hawley and Attorney General Bailey warned Tyson not to take any steps to prevent a competitor from acquiring the Dexter plant. Senator Hawley and Attorney General Bailey made clear that any attempt by Tyson to prevent a chicken processor from acquiring the Dexter plant would violate the antitrust laws.

14.    Senator Hawley obtained specific commitments from Tyson's CEO, Donnie King, that Tyson would not prevent a competitor (another chicken processor) from acquiring the Dexter plant. Senator Hawley reported those commitments in a September 15, 2023, social media post:

Josh Hawley ✓
@HawleyMO

I spoke with the CEO of Tyson Food today, Donnie King. He told me, first, Tyson is willing to sell its facilities in Dexter and Noel, Missouri to any interested party - including a competitor. I was glad to hear it, because anything less would violate antitrust laws. I hope Tyson is actively pursuing a sale that will save these jobs in Missouri. Second, he told me Tyson would help any farmer who wanted to keep raising chickens to do so, including helping them get new contracts with Tyson or other companies. We will hold him to these commitments

3:15 PM · Sep 15, 2023 · **245K** Views

15.     Attorney General Bailey echoed Senator Hawley in an October 3, 2023, letter to Tyson's CEO, stating that it is "paramount that you do everything in your power to either keep the facilities open or sell to any interested party, including a competitor." The letter went on to explain that a refusal to sell the Dexter plant to a competitor would violate Missouri's antitrust laws, citing a Missouri Supreme Court decision. *See Empire Storage & Ice Co. v. Giboney*, 357 Mo. 671, 676 (1948), *aff'd* 336 U.S. 490 (1949) (certain actions taken "for the purpose of refusing to sell to a certain person or persons is in direct violation of" Missouri antitrust law).

16.     Upon information and belief, Congressman Jason Smith obtained a similar commitment from Tyson — specifically, that Tyson would not take any steps to prevent a competitor from acquiring the Dexter plant.

17.     Tyson was not honest with Senator Hawley and Congressman Smith.  In fact, Tyson misled them.

4

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

18.    At the same time Tyson was making commitments to Senator Hawley and Congressman Smith, Tyson's internal documents prove that it ████████████ Redacted ████████████ ████ Redacted ████ ████ █.[1]

19.    In an internal document, Tyson expressly stated its plan was to "████ Redacted ████ ████████ Redacted ████████ ." (Emphasis added.)

20.    ████████████ Redacted ████████████ , Tyson sold the Dexter plant to Defendant Cal-Maine Foods, Inc., a non-competitor that only produces table eggs and does *not* process chickens.

21.    Selling to Cal-Maine—a seller of table eggs (not fertile eggs) that does not slaughter chickens—decimated former Tyson chicken farmers, like the Class Members, whose farms were financed and built exclusively for the chicken slaughter system. The Class's farms were not built to grow table eggs, which is an entirely different grow process.

22.    In the contract between Tyson and Cal-Maine, Defendants stipulated to a "Property Use Agreement." The "Property Use Agreement" between Tyson and Cal-Maine is referenced in a document titled "Memorandum of Understanding" that Defendants filed publicly with the Stoddard County Recorder of Deeds at Book 2024 page 774.

23.    Tyson did *not* file the Property Use Agreement with the Stoddard County Recorder of Deeds. In fact, the Property Use Agreement expressly states "████████ Redacted ████████ ████████ Redacted ████████ ." (Underline in the original.) This is because Tyson does not want the public, including Missouri's elected officials, to know the terms of the Property Use Agreement.

---

[1] This Petition redacts information that the Tyson Defendants have designated a "confidential." The information is not actually confidential, and Plaintiff will seek leave of the Court to file an unredacted Petition. Missouri court proceedings are to be open and accessible to the public.

24.    The terms of the Property Use Agreement 

25.    The publicly filed Memorandum of Understanding does not reveal the terms of the Property Use Agreement, but it does reflect that the "Property Use Agreement shall remain in force and effect . . . [until] the **twenty-fifth (25th) anniversary**" of Defendants' execution of the Memorandum of Understanding.

26.    Tyson's decision to shutter the Dexter Complex put chicken farmers out of work. And through the Property Use Agreement, Redacted

27.    Due to the contract between Tyson and Cal-Maine, Redacted for the next 25 years.

28.    The contract between Tyson and Cal-Maine is a blatant restraint of trade in violation of Missouri's antitrust laws. *See* R.S. Mo. §§ 416.031.1, 416.031.3.

29.    Defendants' restraint of trade has eliminated (and will eliminate for 25 years) any competition in the Dexter market area for the services of chicken grower farmers like Plaintiff and the Class Members, causing them substantial harm.

30.    In conjunction with its announced closure of the Dexter Complex, Tyson then wrongfully terminated its contracts with the chicken farmers in the Class.

31.    For certain farmers in the Class, Tyson used strong-arm tactics to coerce them into signing agreements that purported to release Tyson from any liability for its wrongdoing (or at least its wrongdoing committed through a certain specified date).  Of the class members who

6

signed a release, all purported releases signed by class members were signed on or before September 2, 2023, with the exception of one class member who signed its release on November 28, 2023.

32.    Those releases, however, do not apply to any actions by Tyson that give rise to the claims in this lawsuit because such conduct occurred *after* the releases were signed. The releases thus do not apply to the claims asserted in this lawsuit about the "Property Use Agreement" that Tyson and Cal-Maine agreed to in their December 29, 2023 Purchase and Sale Agreement.

## II.    JURISDICTION AND VENUE

33.    Jurisdiction is proper in this Court as to Tyson because the Tyson Companies each do substantial business in Stoddard County, and they owned and managed property in Stoddard County before selling that property to Cal-Maine.

34.    Jurisdiction in this Court is also proper as to Cal-Maine, as it purchased and now owns the Dexter Complex in Stoddard County, Missouri.

35.    Venue is proper in this Court because Plaintiff was injured in this County. In addition, the Dexter Complex is in Stoddard County, and Defendant Avery resides in Stoddard County.

## III.    PARTIES

36.    Plaintiff Grandview Poultry, LLP is a Limited Liability Partnership in good standing and organized under the laws of the State of Arkansas, with its principal place of business being 2325 Highway 166N, Maynard, Arkansas, who since 2020 contracted with the Tyson Companies to operate three (3) separate farms to produce pullets for the Tyson Companies, farm #6905, 6906, 6907. Those farms are situated at 75 Grandview Road, Maynard, Arkansas

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

37. Defendant Tyson Foods, Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business at 2200 W Don Tyson Pkwy # CP131, Springdale, Arkansas.

38. Defendant Tyson Chicken, Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business at 2200 W Don Tyson Pkwy # CP131, Springdale, Arkansas. It is a wholly owned subsidiary of Tyson Foods, Inc. and at all times relevant operated the Dexter Complex, which included but was not limited to a chicken hatchery, chicken feeding operation, feed mill, chicken processing plant, and management of the same in Stoddard County, Missouri.

39. Defendant Mark Avery ("**Avery**") is an individual residing in Stoddard County, Missouri and at all relevant times Avery was an employee and agent of the Tyson Companies in a supervisory and/or management role, including but not limited to the position of Complex Manager of the Dexter Complex.

40. All representations, communications, non-disclosures, concealments and any other acts herein described that were committed by Avery were committed within the course and scope of his employment with the Tyson Companies.

41. All representations, communications, non-disclosures, concealments and any other acts herein described that were committed by Avery were committed: to further the business and business interests of his employer, the Tyson Companies; under the general authority of and at the direction of the Tyson Companies; and such that they naturally arose from the performance of Avery's employment responsibilities.

42. Defendant Cal-Maine Foods, Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business in Ridgeland, Mississippi.

## IV.    BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS

43.    From January 1998 until late 2023, Tyson Foods, Inc., and Tyson Chicken Inc., (the "**Tyson Companies**" or "**Tyson**") operated a vertically integrated chicken production system based in Stoddard County, Missouri.

44.    Under this vertically integrated chicken production system in Stoddard County, the Tyson Companies owned all chickens throughout the hatching, growing and slaughter process. Although the Tyson Companies owned all chickens, the Tyson Companies contracted with farmers to care for the chickens through every step of the chicken production system.

45.    That is, instead of investing in the land, facilities, and labor needed to care for their chickens, the Tyson Companies designed a business model of entering into arrangements with farmers, like the Class Members. These farmers, in turn, and based on the Tyson Companies' representations, were induced to invest millions of dollars in capital needed to build and maintain chicken houses.

46.    Plaintiff and the Class Members are required to maintain these houses (pursuant to the Tyson Companies' specifications), provide the equipment required to care for the chickens (pursuant to the Tyson Companies' specifications), and pay for the labor needed to successfully care for the chickens (pursuant to the Tyson Companies' specifications).

47.    The Tyson Companies eventually processed the chickens at their chicken processing plant in Dexter, Missouri (the "**Dexter Complex**").

48.    The Dexter Complex has operated as a slaughterhouse for chickens since 1893.

49.    Broiler chickens account for nearly all domestic chicken consumption.

50.    Today, production of broiler chickens is concentrated into localized networks of production dominated by vertically integrated poultry companies, like Tyson. Tyson enters into

poultry growing arrangements with thousands of growers, who typically are small, family-owned operations. These small grower operations provide Tyson with broiler grow-out services until the birds reach slaughtering weight.

51.     Tyson typically contracts with growers whose operations are within 50 miles of one of its processing plants. That means that if the Tyson plant is the only plant within 50 miles, growers in that area can only grow for the Tyson Companies.

52.     There is no other chicken processing plant within 50 miles of Dexter, Missouri. As a result, all farmers who provided and/or cared for chickens supplied to the Dexter Complex (*i.e.*, the Class Members) have only one option for where to grow and sell chickens: Tyson.

53.     Each named Plaintiff and Class Member contracted with the Tyson Companies to produce broiler chickens for Tyson or to produce pullet or breeder chickens for Tyson. After Plaintiff performed broiler grow-out services through the time that the birds reached slaughtering weight, Tyson then slaughtered the chickens at its Dexter Complex.

54.     Tyson entirely controls the grow-out process, including: the genetics of the Broilers; the amount, type and timing of the broilers delivered; the composition, amount, and delivery schedule of feed; the distribution of medical services and medication to the broilers; the structure, temperature, ventilation, lighting duration, and other aspects controlling the environment of the chicken houses; the decision of whether to cull or condemn chickens; the length of time that growers are permitted to raise the chickens; the time, method, and manner that chickens will be picked up for processing; the time between when chickens are picked up and when they are weighed; and the disposal method of birds and their excrement by the growers.

55.     In addition to appreciating the benefits of the millions of dollars of investments by farmers like Plaintiff, the Tyson Companies also enjoyed the benefit of the farmers being liable

for any potential violations of federal and state law, liability for environmental damages, premises liability, worker injuries, public nuisance, and other liabilities in connection with Tyson's operation of the Dexter Complex in Stoddard County.

56.    But after operating in Stoddard County for years, on August 7, 2023 the Tyson Companies abruptly announced that all operations at the Dexter Complex would cease in October 2023.

57.    The Tyson Companies had known for a significant period of time that it would cease operations at the Dexter Complex by the end of 2023.

58.    After announcing the planned closure of the Dexter Complex on August 7, 2023, Tyson made assurances that it would do its best to sell the Dexter Complex to another meat-processing company (i.e., a competitor).

59.    But internal [Redacted] [Redacted].

60.    Instead, Tyson negotiated a deal to sell the Dexter Complex to Cal-Maine for roughly [Redacted], according to the Purchase and Sale Agreement dated December 29, 2023 between Tyson and Cal-Maine (**"Dexter Sale Agreement"**). This sale price was significantly [Redacted] [Redacted] [Redacted] [Redacted] is evidence that this transaction was not a product of fair market negotiation, but rather collusion between Tyson and Cal-Maine for the purpose to restrain trade and suppress the market supply of chicken meat.

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

61.    The Dexter Sale Agreement referred to a "██████Redacted██████ ██Redacted██" between Tyson and Cal-Maine. This was ██Redacted██ after Tyson announced it was closing the Dexter Complex, and its timing further shows ██████Redacted██████ ████████Redacted████████ Tyson did exactly the opposite.

62.    The Dexter Sale Agreement between Tyson and Cal-Maine ██████Redacted██████ ██Redacted██

63.    The Dexter Sale Agreement between Tyson and Cal-Maine oddly ██████Redacted██████ ████████Redacted████████ ████████Redacted████████

64.    The Dexter Sale Agreement between Tyson and Cal-Maine ██████Redacted██████ ██████Redacted██████ ██████Redacted██████

65.    After the closure of the Dexter Complex, farmers like Plaintiff received copies of Tyson-drafted form contracts for them to sign in order to do business with Cal-Maine.

66.    These form contracts included a term requiring former Tyson farmers to give up any claims they may have against Tyson in order for them to do business with Cal-Maine.

67.    Two other ██Redacted██ the Dexter Sale Agreement between Tyson and Cal-Maine are ██████Redacted██████ titled "Memorandum of Understanding." The latter was filed publicly with the Stoddard County Recorder of Deeds at Book 2024 Page 774.

68.    The Memorandum of Understanding refers in vague terms to a "Property Use Agreement" between Tyson and Cal-Maine, including the facts the "Property Use Agreement" "shall remain in force and effect" for 25 years and that it "shall bind Cal-Maine, any successor

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

grantee, transferee, assignee, owner, tenant or any other party in possession" of the property on which the Dexter Complex was located.

69. But the publicly filed document does not detail or describe the terms and conditions imposed by Tyson in the "Property Use Agreement."

70. That is because the terms of the Property Use Agreement are illegal and violate Missouri law.

71. For its 25-year duration, the Property Use Agreement ████ Redacted ██████████ █████████████████ Redacted ████████████████████ ███████████ Redacted ████████████

72. The ██████ Redacted █████ in the Property Use Agreement between Tyson and Cal-Maine are per se illegal under Missouri law. Alternatively, these provisions unreasonably restrain trade in the market for chicken farmer services in the Dexter, Missouri relevant market area.

73. There is a relevant product or service market for chicken farmer services that consists of chicken farmers (including breeder farmers, pullet farmers, and broiler farmers) who offer their services to meat-processing companies.

74. There is a relevant geographic market for chicken farmer services (as defined in the prior paragraph) that consists of Dexter, Missouri and any chicken farm located within approximately 50 miles of the Dexter Complex.

75. There are no conceivable pro-competitive benefits for Tyson's and Cal-Maine's restraint of trade embodied in the Property Use Agreement.

76. Even if any alleged pro-competitive benefits exist, they are substantially outweighed by the anticompetitive effects of Defendants' contract, combination or conspiracy in

restraint of trade.

77.    Tyson and Cal-Maine collectively have market power in the geographic market surrounding the Dexter Complex in that they ███████████ Redacted ███████████ control the permissible uses of the Dexter Complex for the next twenty-five years.

78.    Enormous barriers to entry preclude effective competition in the relevant service market (defined above) in that significant capital expenditure would be required to construct a new meat-processing facility in the geographic market surrounding the Dexter Complex.

79.    The anticompetitive agreement and conduct of Tyson and Cal-Maine have had the following effects, among others, causing antitrust injury:

a.    Sellers of chicken farming services (like Plaintiff) are denied ███ Redacted ███ ███ Redacted ███ in the Dexter, Missouri geographic market for the next 25 years;

b.    Price competition has been severely restrained among buyers of chicken farming services;

c.    Owners of the barns and infrastructure designed to produce chickens for meat production have suffered severe diminution in value of their business and property as there will be ███████ Redacted ███████ in the Dexter, Missouri geographic market for the next 25 years, thereby reducing the value of the farmers' multi-million-dollar investments to nearly nothing; and

d.    Tyson has inflated its profits by contracting and combining with Cal-Maine to reduce the supply of broiler chickens and to inflate prices to consumers of chicken while reducing (to zero) prices paid to sellers of chicken farming services (like Plaintiff) in the Dexter, Missouri geographic market.

80.    By reason of the violations of Missouri's Antitrust Law alleged above, Plaintiff and

14

the Class Members have sustained injury to their business or property, having been deprived of competition in the market for the purchase of their chicken farming services in the Dexter, Missouri geographic market. As a result of this conduct by Defendants Tyson and Cal-Maine, Plaintiff and Class Members have suffered damages.

81.     The [Redacted] in the Property Use Agreement between Tyson and Cal-Maine unreasonably restrains trade in violation of Missouri law and harms each Plaintiff and Class Member in an amount to be proven at trial.

82.     Plaintiff and the Class Members have suffered an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

## CLASS ACTION ALLEGATIONS

83.     Plaintiff, on behalf of itself and the proposed Class, re-allege and incorporate by reference the foregoing paragraphs (and those in specific Counts below) as if fully set forth herein.

84.     Plaintiff seeks to represent the following Classes:

**All Missouri and Arkansas chicken farmers who contracted with Tyson to provide breeder, pullet, and/or broiler farming services to the Tyson Companies' operation of the Dexter Complex during any point in the four-year period before this Petition was filed.**

85.     This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria set forth in Missouri Supreme Court Rule 52.08.

86.     **Numerosity**. The proposed Class satisfies the numerosity requirements under Rule 52.08 in that its members are too numerous to practically join in a single action. The number of Class Members is likely to be 45 (and certainly far below 100).[2]  Class members may be notified of the pendency of this action by mail or other means.

---

[2] As a result, this lawsuit—which alleges violations of *Missouri* antitrust law—can only proceed in Missouri state court.  The case is not removable.  *See* Fed. R. Civ. P. 11.

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

87.    **Predominance**. Common questions of law and fact exist as to all members of the proposed Class and predominate over questions affecting only individual class members. These common questions include, but are not limited to:

    a.    Whether Defendants' Property Use Agreement is *per se* illegal under the Missouri Antitrust Law;

    b.    Whether Defendants' Property use Agreement is an unreasonable restraint of trade under the Missouri Antitrust Law;

    c.    Whether Defendants' conduct has unreasonably retrained trade in the Dexter, Missouri geographic market for the purchase of chicken farmer services;

    d.    Whether the Class is entitled to a declaration and Order declaring that Defendants' Property Use Agreement ▆▆▆ Redacted ▆▆▆ ▆ Redacted ▆ is unlawful and violates the Missouri Antitrust Law;

    e.    Whether Defendants' conduct has tortiously interfered with the Class's ability to realize other business expectancies; and

    f.    Whether the Class was injured due to Defendants' unlawful conduct.

88.    **Typicality**. Plaintiff's claims are typical of the claims of the proposed Class because they were injured by Defendants' wrongful conduct in violation of the Missouri Antitrust Law, and Defendants' wrongful conduct affected each Class Member in a similar manner, with such conduct giving rise to substantially the same claims.

89.    **Adequacy**. Plaintiff is an adequate representative of the proposed Class because its interests do not conflict with the interests of the members of the Class that it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

Plaintiff will prosecute this action vigorously by monitoring and directing the actions of Class counsel. The interests of members of the Class will be fairly and adequately protected by Plaintiff and undersigned counsel.

90.     **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, though significant, may not be of such magnitude as to make the prosecution of individual antitrust actions against Defendants economically feasible. Even if Class members availed themselves of individual litigation and asserted their antitrust claims individually, the court system could not sustain such an imposition. In addition to the burden and expense of managing many actions arising from Defendants' anticompetitive scheme, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

91.     In the alternative, the proposed Class may be certified because:

a.     the prosecution of separate actions by the individual members of the proposed Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

b.     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other

17

Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; or

c.  Defendants have acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final and injunctive relief with respect to the members of the proposed Class as a whole.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF MISSOURI'S ANTITRUST STATUTES
### (R.S. Mo. §§ 416.031.1, 416.031.3)
### Tyson Companies and Cal-Maine

92.   Plaintiffs incorporates by reference all foregoing paragraphs (and those in other Counts) as if fully set forth herein and further states as follows.

93.   As set forth in detail above, Defendants Tyson and Cal-Maine have engaged in a contract, combination, or conspiracy that unreasonably restrains trade and commerce in violation of the Missouri Antitrust Law, R.S. Mo. § 416.031. Tyson's and Cal-Maine's conduct violates both subsections 1 and 3 of Section 416.031.

94.   The anticompetitive conduct alleged in this Petition consists of the Property Use Agreement between Tyson and Cal-Maine described in detail above.

95.   In furtherance of their anticompetitive scheme, Tyson and Cal-Maine committed one or more overt acts, including but not limited to:

a.  agreeing to the anticompetitive terms of the Property Use Agreement;

b.  executing the Property Use Agreement;

c.  transferring and/or receiving the deed for the property at issue subject to the Property Use Agreement;

d. filing with the Stoddard County Recorder of Deeds a vague and misleading "Memorandum of Understanding" that seeks to conceal from the public the truth about their illegal and anticompetitive scheme affecting the Dexter Complex; and

e. Conspiring to [Redacted] for the purpose of restraining trade.

96. Defendants' anticompetitive conduct has restrained (indeed, eliminated) competition for the purchase of chicken farmer services in the Dexter, Missouri geographic area. This harm to competition substantially outweighs any purported pro-competitive benefits allegedly arising from Defendants' conduct.

97. [Redacted], another existing or newly created meat-processing company would have paid Tyson [Redacted] to purchase the Dexter Complex and thereby strengthen competition for the purchase of chicken farmer services in the Dexter, Missouri geographic area, allowing sellers of chicken farmer services like Plaintiff and Class Members to receive a fair and competitive price for their services.

98. Tyson's and Cal-Maine's conduct is a *per se* violation under the Missouri Antitrust Law.

99. Alternatively, Tyson's and Cal-Maine's conduct is illegal under the Missouri Antitrust Law under a rule-of-reason analysis.

100. As a direct and proximate result of Tyson's and Cal-Maine's violations of the Missouri Antitrust Law, Plaintiff and Class Members have been injured in their business and property and suffered damages in an amount to be proven at trial.

101. Under R.S. Mo. § 416.121, Plaintiff and Class Members are entitled to an award of threefold damages and reasonable attorneys' fees.

19

WHEREFORE, Plaintiff and the Class Members pray of this Court for its judgment in favor of Plaintiff and the Class Members and against the Tyson Companies and Cal-Maine, jointly and severally, and awarding Plaintiff and the Class Members their damages incurred herein in an amount that is fair and reasonable in excess of this Court's jurisdictional threshold (and thereafter increased threefold), for prejudgment and post-judgment interest, for Plaintiff's attorney fees and costs incurred herein, and for such other relief as this honorable Court deems just and proper.

## COUNT II – DECLARATORY AND INJUNCTIVE RELIEF
## UNDER THE MISSOURI ANTITRUST LAW
## (R.S. Mo. § 416.121)
## <u>Tyson Companies and Cal-Maine</u>

102.    Plaintiff incorporates by reference all foregoing paragraphs (and those in other Counts) as if fully set forth herein and further states as follows.

103.    As detailed above, Defendants Tyson and Cal-Maine have engaged in a contract, combination, or conspiracy that unreasonably restrains trade and commerce in violation of the Missouri Antitrust Law, R.S. Mo. § 416.031.

104.    Under R.S. Mo. § 416.121.2, a plaintiff harmed by a violation of the Missouri Antitrust Law may "[b]ring proceedings to enjoin the unlawful practices."

105.    As detailed above, Plaintiff and Class Members have been harmed by Tyson's and Cal-Maine's violations of the Missouri Antitrust Law.

106.    Plaintiff and Class Members hereby seek a declaration and Order from this Court declaring that Tyson's and Cal-Maine's conduct — specifically, the [Redacted] of their Property Use Agreement — is unlawful and violates the Missouri Antitrust Law and enjoining them from engaging in any conduct determined to be unlawful.

107.    Plaintiff and Class Members request that the Court strike and invalidate the Property Use Agreement, as it is void against public policy and the Missouri Antitrust Law for the reasons alleged in detail above.

WHEREFORE, Plaintiff and Class Members pray of this Court for its judgment in favor of Plaintiff and Class Members and against the Tyson Companies and Cal-Maine, jointly and severally, and for entry of an Order: declaring that the ███████Redacted███████ in Tyson's and Cal-Maine's Property Use Agreement are unlawful and violate the Missouri Antitrust Law such that they are stricken, invalidated, and rendered void; enjoining the Tyson Companies and Cal-Maine from engaging in any conduct determined to be unlawful; and awarding Plaintiff and Class Members their reasonable attorneys' fees and costs of the suit, and for such other relief as this honorable Court deems just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY
### (Each Defendant)

108.    Plaintiff incorporates by reference all foregoing paragraphs (and those in other Counts) as if fully set forth herein and further states as follows.

109.    As described in detail in this Petition, Defendants carried out a scheme to harm and eliminate competition in the Dexter, Missouri geographic market for the purchase of chicken farmer services.

110.    Defendants have harmed Plaintiff and Class Members and rendered it impossible for them to do business with other meat-processing companies that compete with Tyson in the production of chicken products.

111.    Defendants took these wrongful actions intentionally to unlawfully reduce competition against Tyson and with the purpose and effect of causing Plaintiff to be unable to find alternative business partners.

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

112. Defendants knew of and were aware of the possibility that other business expectancies may exist for Plaintiff and the Class Members, yet Defendants acted to squash any possibility of these other business expectancies ever coming to pass by executing the Dexter Sale Agreement with the 25-year [Redacted] in the Property Use Agreement.

113. The Tyson Companies publicly promised that they understood the importance placed on selling the Dexter Complex to a competitor company that processes meat. Instead, internally, the [Redacted] [Redacted]

114. Defendants also sought to conceal their wrongful conduct from the public and from Plaintiff through filing only a vague and incomplete "Memorandum of Understanding" with the Stoddard County Recorder of Deeds. That "Memorandum of Understanding" references but does not describe the significant 25-year [Redacted] affecting the Dexter Complex due to the Property Use Agreement between Tyson and Cal-Maine.

115. As reflected by [Redacted], Defendant Mark Avery played a critical role in causing the Dexter Sale Agreement to be reached and executed.

116. Earlier in 2023, Defendant Avery also laid the groundwork for Defendants' scheme by wrongfully and fraudulently inducing many chicken farmers to enter into "Release" agreements with Tyson.

117. The farmers executing those Releases, at the behest and urging of Defendant Avery, had no inkling that Tyson and Cal-Maine would, months later, enter into a contract, combination, and/or conspiracy in violation of the Missouri Antitrust Law by [Redacted] [Redacted] at the Dexter property for the next 25 years.

118.    Because those Release agreements were executed months before the conduct giving rise to Plaintiff and the Class Members' claims asserted in this Petition, those releases cannot possibly affect, modify, or release the claims asserted here.

119.    In addition, any such Release agreement was executed under duress and without full knowledge of all relevant facts, including facts and/or then-current fraudulent intentions known to Tyson, Avery, and Cal-Maine but concealed from Plaintiff.

120.    But for Defendants' wrongful conduct, Plaintiff and the Class Members were reasonably certain to have realized alternative business expectancies.

121.    Plaintiff and the Class Members are aware of and have reason to believe that multiple serious competitive buyers would have sought to purchase the Dexter Complex [Redacted] [Redacted].

122.    With respect to their actions in December 2023 relating to the execution of the Dexter Sale Agreement, Defendants' wrongful conduct and concealment of their true intentions has harmed Plaintiff and the Class Members, who as a direct result have been unable to realize other business expectancies.

WHEREFORE, Plaintiff and the Class Members pray of this Court for its judgment in favor of Plaintiff and Class Members and against all Defendants, jointly and severally, and awarding Plaintiff and Class Members their damages incurred herein in an amount that is fair and reasonable in excess of this Court's jurisdictional threshold, for prejudgment and post-judgment interest, for Plaintiff and the Class Members' attorney fees and costs incurred herein, and for such other relief as this honorable Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment awarding the following:

a.   An order certifying the proposed Class and appointing Plaintiff and undersigned counsel to represent the Class;

b.   An order awarding Plaintiff and the Class Members their actual damages, and/or all other form of monetary relief provided by and pursuant to law;

c.   An order enjoining Defendants from further engaging in the conduct alleged herein; and

d.   An order awarding Plaintiff and the Class Members pre-judgment and post-judgment interest, attorneys' fees and costs, and all other relief as allowed under the law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 5, 2024

Respectfully submitted by:

THE OLIVER FIRM, L.C.

/s/ Russell D. Oliver
RUSSELL D. OLIVER        MO #59394
1402 N. Outer Rd, Ste. A
Dexter, MO 63841
Tele:   (573) 614-7959
russ@oliver-lawfirm.com

CLAYTON JONES, ATTORNEY AT LAW

/s/ Clayton Jones
Clayton Jones            MO #51802
P.O. Box 257
405 W. 58 Hwy.
Raymore, MO 64083
Tele:   (816) 318-4266
Fax:    (816) 318-4267
clayton@claytonjoneslaw.com

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

BOULWARE LAW LLC

/s/ Brandon J.B. Boulware

Brandon J.B. Boulware      MO #54150
Jeremy M. Suhr            MO #60075
1600 Genessee, Suite 956A
Kansas City, MO 64102
Tele:  (816) 492-2826
Fax:   (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

WHITE, GRAHAM, BUCKLEY, & CARR
L.L.C.

/s/ Bryan White

Bryan T. White            MO #58805
Deborah J. Blakely        MO #47138
19049 E. Valley View Pkwy, Suite C
Independence, Missouri 64055
Tele:  (816) 373-9080
Fax:   (816) 373-9319
bwhite@wagblaw.com
dblakely@wagblaw.com

***Attorneys for Plaintiff***

25

**24SD-CC00059**

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

**IN THE CIRCUIT COURT OF STODDARD COUNTY, MISSOURI**
**THIRTY-FIFTH JUDICIAL CIRCUIT**

GRANDVIEW POULTRY, LLP

    Plaintiff,

    v.

TYSON FOODS, INC.,
TYSON CHICKEN, INC.,
  **Serve Registered Agent**:
  United Agent Group Inc.
  12747 Olive Blvd., Suite 300
  St. Louis, MO 63141

MARK AVERY,
  **Serve at**:
  9144 Co. Rd. 659
  Dexter, MO 63841

CAL-MAINE FOODS, INC.,
  **Serve Registered Agent**:
  CSC-Lawyers Incorporating Service
  Company
  221 Bolivar Street
  Jefferson City, MO 65101

    Defendants.

**JURY TRIAL DEMAND**

Case No. _____

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff Grandview Poultry, LLP ("Plaintiff"), by and through counsel, hereby move for the appointment of HPS Process Service & Investigations, Inc., including:

Zenedria Abston, Vikki Acord, Donna Arciuolo, Tracy Arnold, Vanessa Arredondo, Tonya Arruda, Jodi Ashworth, Joseph Baska, Allison Bernardo, Keith Blanchard, Alexander Blea, Dianna Blea, Richard Blea, Kathy Broom, Randy Burrow, Gary Burt, Stephen Buskirk, Steven Butcher, Danny Callahan, Jake Callahan, Anna Canole, Charles Casey, George Castillo, Scott Cisney, Kathleen Clor, Glen Cobb, Chad Compton, Melody Compton, George Covert, Peggy Cranston-Butcher, Ernest Dahl, Vito Davis, Bryce Dearborn, Robert DeLacy III, Robert DeLacy Jr., Dominic DellaPorte, Claudia Dohn, Aaron Donarski, Amy Donarski, Dale Dorning, Alexander Duaine, Michael Dunard, Donald Eskra Jr.,

Sadie Estes, Cindy Ethridge, Robert Fairbanks, William Ferrell, Ryan Fortune, James Frago, John Frago, Richard Gerber, Kurie Ghersini, Adam Golden, Bradley Gordon, Thomas Gorgen, Kimberly Greenway, Paul Grimes, Mark Hagood, Eric Hahn, Nastassja Hall, Darnell Hamilton, James Hannah, James Ray Harvey, Grace Hazell, Stephen Heitz, Austen Hendrickson, Sharon Hendrickson, Elizabeth Henson, Jessie Hernandez, Michael Hibler, Shelby Hibler, Trinity Hibler, James Hise, Tony Hitt, Aaron Holt, Martin Hueckel, Michael Huffman, Pamela Huffman, Anthony Iavarone, Megan Jagos, Frank James, Zachary Jenkins, Betty Johnson, Brent Kirkhart, Janice Kirkhart, Tyler Kirkhart, Kenneth Klewicki, Michele Kriner, Kelly Land, James LaRiviere, Marcus Lawing, John Lichtenegger, Bryan Liebhart, Bert Lott, Rex Louar, Robert Maliuuk, Winnonna Maliuuk, Michael Marra, Thomas Matthews, Shauntranise McGee, Michael McMahon, Michael C Meador, James Meadows, Krista Meadows, Jerry Melber, Jenna Mendoza, Matthew Millhollin, Carla Monegain, Christopher Moore, Michael Morrison, Zachary Mueller, Paul Nardizzi, Wendy Neff, Jeremy Nicholas, Jeffrey Nichols, Michael Noble, Colter Norris, Dennis Norris, Kody Norris, Daryl Oestreich, Craig Palmer, Cynthia Paris, Cody Patton, Jose Pena, George Perry, Timothy Pinney, Nancy Porter, Kourtney Potter-Acord, Benjamin Purser, Larry Quintanilla, Richard Ramirez, James Reap, Christopher Reed, Cheryl Richey, Richard Rober, David Roberts, Patricia Roberts, Anthony Roscoe, Richard Ross, Steve Rozhon, Kathy Rulo, Edna Russell, Robert Sanders, Brenda Schiwitz, Nathaniel Scott, Joe Sherrod, Kenneth Short, Anita Skillern, Thomas Skinner, Brian Smith, Bryan Smith, Anthony Spada, Melissa Spencer-Bryant, Keith Stalcup, Barbara Steil, Paul Steil, Randy Stone, Sonja Stone, Steven Stosur, Cody Swartz, Ramona Talvacchio, Jeffrey Teitel, Gabriel Tranum, Blanca Vazquez, Robert Vick II, Bradley Votaw, Joseph Wachowski, Stephen Waters, Barbara West, Jonathan Wilkerson, Gregory Willing, Conni Wilson

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states

that each is over the age of 18 years, is not a party to this lawsuit, is not related to anyone involved

in this lawsuit, and is qualified to serve process.

Dated: June 5, 2024                    Respectfully submitted by:

                                       THE OLIVER FIRM, L.C.

                                       /s/ Russell D. Oliver

                                       RUSSELL D. OLIVER        MO #59394
                                       1402 N. Outer Rd, Ste. A
                                       Dexter, MO 63841
                                       Tele:   (573) 614-7959
                                       russ@oliver-lawfirm.com

CLAYTON JONES, ATTORNEY AT LAW

/s/ Clayton Jones

Clayton Jones                    MO #51802
P.O. Box 257
405 W. 58 Hwy.
Raymore, MO 64083
Tele:    (816) 318-4266
Fax:    (816) 318-4267
clayton@claytonjoneslaw.com

BOULWARE LAW LLC

/s/ Brandon J.B. Boulware

Brandon J.B. Boulware            MO #54150
Jeremy M. Suhr                   MO #60075
1600 Genessee, Suite 416
Kansas City, MO 64102
Tele:    (816) 492-2826
Fax:     (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

WHITE, GRAHAM, BUCKLEY, & CARR
L.L.C.

/s/ Bryan White

Bryan T. White                   MO #58805
Deborah J. Blakely               MO #47138
19049 E. Valley View Pkwy, Suite C
Independence, Missouri 64055
Tele:    (816) 373-9080
Fax:     (816) 373-9319
bwhite@wagblaw.com
dblakely@wagblaw.com

*Attorneys for Plaintiff*

3

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and that HPS Process Service & Investigations and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____        _____

Judge or Circuit Clerk

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

Electronically Filed - STODDARD - June 05, 2024 - 08:51 PM

GRANDVIEW POULTRY, LLP

Plaintiff,

CASE NO: 24SD-CC00059

v.

TYSON FOODS, INC., TYSON CHICKEN, INC.,
**Serve Registered Agent**: United Agent Group Inc.
12747 Olive Blvd., Suite 300 St. Louis, MO 63141

MARK AVERY,
**Serve at**:
9144 Co. Rd. 659
Dexter, MO 63841

CAL-MAINE FOODS, INC.,
**Serve Registered Agent**:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street Jefferson City, MO 65101

Defendants.

**FILED**

06/06/2024

PAULA YANCEY
CLERK, CIRCUIT COURT
STODDARD COUNTY

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and that HPS Process Service & Investigations and the above-named individuals are

hereby appointed to serve process in the above captioned matter.

DATE: June 6, 2024

_Paula Yancey_
Circuit Clerk



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | **Case Number: 24SD-CC00059** |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO  63841 |
| vs. | |
| Defendant/Respondent:<br>CAL-MAINE FOODS, INC ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30 |
| Nature of Suit:<br>CC Other Tort | 403 S PRAIRIE<br>BLOOMFIELD, MO  63825 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CAL-MAINE FOODS, INC**

**CSC-LAWYERS INC SERVICES**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*

*STODDARD COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____June 6, 2024_____        _____*Leanne Brady*_____
Date                                                          Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____(County/City of St. Louis), MO, on _____(date) at _____(time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
Date                                                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | Case Number: **24SD-CC00059** |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO 63841 |
| vs. | |
| Defendant/Respondent:<br>MARK AVERY ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30 |
| Nature of Suit:<br>CC Other Tort | 403 S PRAIRIE<br>BLOOMFIELD, MO 63825 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **MARK AVERY**

**9144 CO RD 659**
**DEXTER, MO 63841**

*COURT SEAL OF*

CIRCUIT COURT OF MISSOURI

*STODDARD COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____     _____
Date                                         Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                              Date                                    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | **Case Number: 24SD-CC00059** |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO  63841 |
| vs. | |
| Defendant/Respondent:<br>TYSON FOODS, INC ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30<br>403 S PRAIRIE<br>BLOOMFIELD, MO  63825 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  TYSON FOODS, INC**
  **Alias:**

UNITED AGENT GROUP, INC.
12747 OLIVE BLVD., STE. 300
ST. LOUIS, MO  63141

*COURT SEAL OF*

*STODDARD COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

___June 6, 2024___      *Leanne Brady*
    Date      Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____(County/City of St. Louis), MO, on _____(date) at _____(time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*
My commission expires: _____
     Date      Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | **Case Number:  24SD-CC00059** |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO  63841 |
| vs. | |
| Defendant/Respondent:<br>TYSON CHICKEN, INC ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30 |
| Nature of Suit:<br>CC Other Tort | 403 S PRAIRIE<br>BLOOMFIELD, MO  63825          (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  TYSON CHICKEN, INC**

UNITED AGENT GROUP, INC
12747 OLIVE BLVD, STE 300
ST LOUIS  MO  63141

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

*STODDARD COUNTY*

_____June 6, 2024_____          _____Leanne Brady_____
            Date                                    Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                    Date                              Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - STODDARD - June 12, 2024 - 11:26 AM

## AFFIDAVIT OF SERVICE

State of Missouri      County of Stoddard      Circuit Court

Case Number: 24SD-CC00059

Plaintiff/Petitioner:
**GRANDVIEW POULTRY, LLP**
vs.
Defendant/Respondent:
**TYSON FOODS, INC., et al**

Received by HPS Process Service & Investigations to be served on **Cal-Maine Foods, Inc C/o: CSC Lawyers Inc Services, 221 Bolivar Street, Jefferson City, MO 65101**. I, _David M. Rogers_, being duly sworn, depose and say that on the _07_ day of _Jun_, 20 _24_ at _2:12_ pm., executed service by delivering a true copy of the Summons in Civil Case; Petition-Class Action x2; Confidential Redacted Information Filing Sheet; Motion for Appointment of Private Process Server; and Order fro Appointment of Private Process Server in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving _Lauren Shipley_
as _designee_ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

( ) CORPORATE SERVICE: By serving _____
as _____ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _7th_ day
of _June_, _24_ by the affiant who is
personally known to me.

_Teresa Shields_
NOTARY PUBLIC

TERESA SHIELDS
Notary Public - Notary Seal
STATE OF MISSOURI
County - Cole
Commission # 21418553
My Commission Expires: 12/12/2025

_D Rogers_

PROCESS SERVER # _PPS24-0303_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2024008643

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

Electronically Filed - STODDARD - June 12, 2024 - 11:26 AM

| Judge or Division: | Case Number: 24SD-CC00059 |
|---|---|
| ROBERT N MAYER | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| GRANDVIEW POULTRY, LLP | RUSSELL D OLIVER |
| | ATTORNEY AT LAW |
| | 1402 N OUTER RD, STE A |
| vs. | DEXTER, MO 63841 |
| Defendant/Respondent: | Court Address: |
| CAL-MAINE FOODS, INC ET AL | STODDARD COUNTY JUSTICE CENTER |
| | PO BOX 30 |
| Nature of Suit: | 403 S PRAIRIE |
| CC Other Tort | BLOOMFIELD, MO 63825 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **CAL-MAINE FOODS, INC**

CSC-LAWYERS INC SERVICES
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**STODDARD COUNTY**

_____June 6, 2024_____            _____Leanne Brady_____
Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to LAUREN SHIPLEY (name) Designee of Reg. Agent (title).

☐ other: _____

Served at 221 Bolivar St, Jefferson City, MO 65101 (address)

in Cole County/City of St. Louis, MO, on 06/07/24 (date) at 2:17 pm (time).

DAVID M. ROBERTS                                    _____
Printed Name of Sheriff or Server                   Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

TERESA SHIELDS
Notary Public - Notary Seal
STATE OF MISSOURI
County - Cole
Commission # 21418553
My Commission Expires: 12/12/2025

Subscribed and sworn to before me on June 7th 2024 (date).

My commission expires: 12/12/2025            _____George Shields_____
Date                                          Notary Public

Sheriff's Fees, if applicable

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $._____ per mile) |
| **Total** | $ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - STODDARD - June 12, 2024 - 11:26 AM



# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | Case Number:  24SD-CC00059 |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO  63841 |
| vs. | |
| Defendant/Respondent:<br>MARK AVERY ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER |
| Nature of Suit:<br>CC Other Tort | PO BOX 30<br>403 S PRAIRIE<br>BLOOMFIELD, MO  63825 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MARK AVERY**

9144 CO RD 659
DEXTER, MO 63841

**COURT SEAL OF**

**STODDARD COUNTY**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____ Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
_(Seal)_
My commission expires: _____ _____
                          Date                    Notary Public

AFFIDAVIT ATTACHED

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - STODDARD - June 12, 2024 - 11:26 AM

## AFFIDAVIT OF SERVICE

| **State of Missouri** | **County of Stoddard** | **Circuit Court** |
|---|---|---|

Case Number: 24SD-CC00059

Plaintiff/Petitioner:
**GRANDVIEW POULTRY, LLP**
vs.
Defendant/Respondent:
**TYSON FOODS, INC., et al**

Received by HPS Process Service & Investigations to be served on Mark Avery, 9144 CO Road 659, Dexter, MO 63841. I, _Glenn Cobb_, being duly sworn, depose and say that on the _7_ day of _June_, 20_24_ at _2:37_ p.m., executed service by delivering a true copy of the Summons in Civil Case; Petition-Class Action x2; Confidential Redacted Service Filing Sheet; Motion for Appointment of Private Process Server; and Order fro Appointment of Private Process Server in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: Served the above-named person.

( ) SUBSTITUTE RESIDENTIAL SERVICE: By delivering the service package to _____, as _____, at the above-named person's dwelling place or usual place of abode.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

( ) MILITARY SERVICE: ( ) YES _____ BRANCH ( ) NO

COMMENTS: _GnD Male White 6'3 200_
_Salt & Pepper Hair_
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the _8_ day of _June_, _2024_ by the affiant who is personally known to me.

_Roxanne Stone_
NOTARY PUBLIC

_Glenn C_____

PROCESS SERVER #
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2024008644

ROXANNE STONE
Comm. Exp. 03-07-20__
NOTARY PUBLIC
NOTARY SEAL
#17956401
Dunklin County
STATE OF MISSOURI

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - STODDARD - June 18, 2024 - 02:32 PM

# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| Judge or Division:<br>ROBERT N MAYER | Case Number: **24SD-CC00059** |
|---|---|
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO 63841 |
| vs. | |
| Defendant/Respondent:<br>TYSON FOODS, INC ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30 |
| Nature of Suit:<br>CC Other Tort | 403 S PRAIRIE<br>BLOOMFIELD, MO 63825                    (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  TYSON FOODS, INC
**Alias:**

UNITED AGENT GROUP, INC.
12747 OLIVE BLVD., STE. 300
ST. LOUIS, MO 63141

**COURT SEAL OF**

*You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.*

**STODDARD COUNTY**

| June 6, 2024 | *Leanne Brady* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to: _Julianna Hamilton_ (name) _Office Manager_ (title).

☐ other: _____

Served at _12747 Olive Blvd, Ste 300, ST Louis, MO 63141_ (address)

in _ST Louis_ (County/City of St. Louis), MO, on _6/6/2024_ (date) at _402pm_ (time).

_Martin Hueckel_ _____    _Martin Hueckel_ _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _6/10/2024_ (date).

(Seal)

My commission expires: _3/14/2025_ _____    _____
Date                                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| Total | $ _____ | |

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - STODDARD - June 18, 2024 - 02:32 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                          **County of Stoddard**                          **Circuit Court**

Case Number: 24SD-CC00059

Plaintiff/Petitioner:
**GRANDVIEW POULTRY, LLP**

vs.

Defendant/Respondent:
**TYSON FOODS, INC., et al**

Received by HPS Process Service & Investigations to be served on **Tyson Foods, Inc. c/o United Agent Group, Inc., 12747 Olive Boulevard, Suite 300, St. Louis, MO 63141**.

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **6th day of June, 2024** at **4:02 pm**, I:

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Petition- Class Action; Confidential Redacted Information Filing Sheet; Motion for Appointment of Private Process Server; and Order for Appointment of Private Process Server** to **Julianna Hamilton**, **Office Manager** at the address of **12747 Olive Boulevard, Suite 300, St. Louis, MO 63141**.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.  I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the ___14___ day
of ___June  2024___ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2024008641

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# IN THE 35TH JUDICIAL CIRCUIT, STODDARD COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ROBERT N MAYER | Case Number: 24SD-CC00059 |
| Plaintiff/Petitioner:<br>GRANDVIEW POULTRY, LLP | Plaintiff's/Petitioner's Attorney/Address<br>RUSSELL D OLIVER<br>ATTORNEY AT LAW<br>1402 N OUTER RD, STE A<br>DEXTER, MO 63841 |
| vs. | |
| Defendant/Respondent:<br>TYSON CHICKEN, INC ET AL | Court Address:<br>STODDARD COUNTY JUSTICE CENTER<br>PO BOX 30 |
| Nature of Suit:<br>CC Other Tort | 403 S PRAIRIE<br>BLOOMFIELD, MO 63825     (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:   TYSON CHICKEN, INC

UNITED AGENT GROUP, INC
12747 OLIVE BLVD, STE 300
ST LOUIS MO 63141

COURT SEAL OF

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

STODDARD COUNTY

June 6, 2024 _____     _Leanne Brady_____
　　　Date　　　　　　　　　　　　Clerk

Further Information: _____

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to
_Julianna Hamilton_ (name) _Office Manager_ (title).

☐ other: _____

Served at _12747 Olive Blvd, Ste 300, St Louis, MO 63141_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _6/6/2024_ (date) at _402 pm_ (time).

_Martin Haeckel_ 　　　　　　　　_Martin Haeckel_
Printed Name of Sheriff or Server　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _6/10/2024_ (date).

(Seal)

My commission expires: _3/14/2025_ 　　　　_NJ_____
　　　Date　　　　　　　　　　　　Notary Public

NICK ZOTTI<br>Notary Public - Notary Seal<br>STATE OF MISSOURI<br>St. Charles County<br>My Commission Expires: Mar. 14, 2025<br>Commission #13460023

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ ( ____ miles @ $____ per mile) |
| Total | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - STODDARD - June 18, 2024 - 02:32 PM

# AFFIDAVIT OF SERVICE

**State of Missouri**               **County of Stoddard**               **Circuit Court**

Case Number: 24SD-CC00059

Plaintiff/Petitioner:
**GRANDVIEW POULTRY, LLP**

vs.

Defendant/Respondent:
**TYSON FOODS, INC., et al**

Received by HPS Process Service & Investigations to be served on **Tyson Chicken, Inc. c/o United Agent Group, Inc., 12747 Olive Boulevard, Suite 300, St. Louis, MO 63141.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **6th day of June, 2024** at **4:02 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case; Petition- Class Action; Confidential Redacted Information Filing Sheet; Motion for Appointment of Private Process Server; and Order for Appointment of Private Process Server** to **Julianna Hamilton, Office Manager** at the address of **12747 Olive Boulevard, Suite 300, St. Louis, MO 63141.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the ___14___ day
of ___June, 2024___ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

NICK ZOTTI
Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: Mar. 14, 2025
Commission #13460023

_____
**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2024008642

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries ⌄

**06/18/2024**

Agent Served

Document ID - 24-SMCC-255; Served To - TYSON FOODS, INC; Server - PRIVATE PROCESS SERVER; Served Date - 06/06/2024; Served Time - 16:02:00; Service Type - SP; Reason Description - SERV; Service Text -JULLIANNA HAMILTON, OFFICE MANAGER, ACCEPTED SERVICE

Agent Served

Document ID - 24-SMCC-256; Served To - TYSON CHICKEN, INC; Server - PRIVATE PROCESS SERVER; Served Date - 06/06/2024; Served Time - 16:02:00; Service Type - SP; Reason Description - SERV; Service Text -JULIANNA HAMILTON, OFFICE MANAGER, ACCEPTED SERVICE

**Notice of Service**

    **Filed By:** BRANDON JAMES BLUFORD BOULWARE
    **On Behalf Of:** GRANDVIEW POULTRY, LLP

**Notice of Service**

    **Filed By:** BRANDON JAMES BLUFORD BOULWARE
    **On Behalf Of:** GRANDVIEW POULTRY, LLP

**06/12/2024**

Corporation Served

Document ID - 24-SMCC-258; Served To - CAL-MAINE FOODS, INC; Server - PRIVATE PROCESS SERVER; Served Date - 06/07/2024; Served Time - 14:12:00; Service Type - SP; Reason Description - SERV; Service Text -LAUREN SHIPLEY - DESIGNEE OF REGISTERED AGENT - ACCEPTED SERVICE

Summons Personally Served

Document ID - 24-SMCC-257; Served To - MARK AVERY; Server - PRIVATE PROCESS SERVER; Served Date - 06/07/2024; Served Time - 14:37:00; Service Type - SP; Reason Description - SERV; Service Text -

**Notice of Service**

    **Filed By:** BRANDON JAMES BLUFORD BOULWARE
    **On Behalf Of:** GRANDVIEW POULTRY, LLP

**Notice of Service**

    **Filed By:** BRANDON JAMES BLUFORD BOULWARE
    **On Behalf Of:** GRANDVIEW POULTRY, LLP

**06/06/2024**

**Summons Issued-Circuit**

Document ID: 24-SMCC-258, for CAL-MAINE FOODS, INC

**Summons Issued-Circuit**

Document ID: 24-SMCC-257, for AVERY, MARK

**Summons Issued-Circuit**

Document ID: 24-SMCC-256, for TYSON CHICKEN, INC

**Summons Issued-Circuit**

Document ID: 24-SMCC-255, for TYSON FOODS, INC

**Order - Special Process Server**

HPS Process Service and Investigations hereby appointed to serve as special process servers in the above case.

**06/05/2024**

**Filing Info Sheet eFiling**

**Motion Special Process Server2**

**CRIFS/Unredacted Document**

Petition filed.

**Associated Entries: 06/05/2024 -**

**Pet Filed in Circuit Ct**

**Pet Filed in Circuit Ct**

**Associated Entries: 06/05/2024 - CRIFS/Unredacted Document   -**

Petition filed.